UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 95-40056
Summary Calendar

CURTIS ANTONIO DAVIS,

Plaintiff-Appellant,

VERSUS

G. DURANT, CO III, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
6:92 CV 6

( August 7, 1995 )

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

## BACKGROUND

Texas prisoner Curtis Antonio Davis, proceeding pro se and in forma pauperis ("IFP"), filed a complaint against four corrections officers ("COs").  Davis alleged that CO Melissa Pike approached

---

[1]  Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

him while he was changing his underwear in his cell.  Davis asked Pike if he needed to strip for her again, as administrative-segregation inmates were required to do, before leaving his cell.  Pike responded "[n]o.  I wasn't impressed the first time."

According to Davis, Pike and CO Gene Durant escorted Davis out of his cell.  Davis was handcuffed, with his hands behind his back.  Davis had a doctor's appointment.  Davis commented that Pike did not like black people.  Pike answered that she did not like black people and did not like Davis.  Davis indicated that he had heard about Pike prostituting herself to black people in the prison.  Pike suggested to Durant that the guards should deny Davis his doctor's appointment if he continued to talk.

Davis alleged that he glanced behind himself.  Durant told him not to look around.  Davis asked, "I can't look around me?"  Durant turned Davis around and led him back from whence they had come.  Davis asked to speak to a ranking officer.  Durant ignored him.  Davis loudly requested to see a ranking officer.  Durant jerked Davis and hit him in the side of his face with a closed fist.

According to Davis, COs Deshane Bohannon and Michael Till immediately tackled him.  Till and Pike folded Davis' legs.  Durant continued punching him.  Bohannon kicked Davis in his left shoulder.  Pike bent Davis' fingers.  Davis believed that Pike was attempting to break his fingers.  Till kept Davis' head pressed to the floor during the incident.

Davis alleged that Pike was directed to call out "fight!"  Pike giggled and said, "fight," in a quiet voice.  Davis was taken

2

in metal leg-irons and wrist-irons to a nurse, who conducted a visual examination of Davis. Bohannon applied pressure to Davis' wrists and fingers during the examination. Bohannon also complimented Durant on his ability to hit hard. According to Davis, two ranking officers refused to ease the pressure on his handcuffs or order the COs to stop trying to break Davis' fingers.

Davis alleged that he might have suffered a fractured jaw. He alleged that he also suffered scarred tissue under his wrists, a severely bruised left shoulder, and psychological damage.

Davis contended that Durant violated his rights under the Fourth, Eighth, and Fourteenth Amendments by attacking him. He contended that Durant conspired to violate his right to medical treatment. Davis contended that Bohannon violated his rights under the Fourth, Eighth, and Fourteenth Amendments by participating in the attack. He contended that Pike violated his rights by participating in the attack and conspired to violate his right to medical treatment. He also accused Pike of making a racial slur and "[d]eprivation of privacy, while looking upon my nudity; and [d]egradation of my [m]anhood, in her lucid, lurid, and perversive [sic] comment, in reference to her visual inspection of my nude body (namely, my private part)[.]" Davis contended that Till violated his Fourth, Eighth, and Fourteenth Amendment rights by participating in the attack.

The magistrate judge held a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Davis repeated his allegations regarding Pike's invasion of his privacy and her

3

comment about his physique. He testified that Durant led him back towards his cell after he looked out the window and questioned Durant's directive not to look around. According to Davis, Durant jerked him and hit him in the jaw after he shouted to see a ranking officer. Almost simultaneously, Bohannon grabbed Davis' legs and Bohannon, Till, and Durant lifted Davis and dropped him to the ground. Till pressed Davis' head on the floor while Durant punched Davis. Bohannon would kick Davis in the shoulder whenever Davis would attempt to move his head to avoid Durant's blows. Finally, Durant told Pike, who was attempting to break Davis' fingers, to yell "fight". Pike laughed and quietly said, "fight". The guards escorted Davis to the office and put leg cuffs on him. Durant and Bohannon were attempting to break Davis' fingers. Two ranking officers refused to intervene and stop the guards from attempting to break Davis' fingers. Davis believed that a videotape would show Durant and Bohannon attempting to break his fingers. He believed that X-rays would show a jaw injury. Davis testified that he was already restrained when Pike attempted to break his fingers.

Davis did not object to the introduction of his medical records at the Spears hearing. Dr. Ford testified that Nurse Tam Vo examined Davis. Vo noted that Davis' handcuffs were tight but that Davis suffered no hand injury. Vo recommended that Davis' handcuffs be loosened. The next day, Davis complained that his jaw might be broken and told Vo that chewing was painful. Vo noted tenderness in Davis' right cheek. Vo diagnosed no fracture and ordered X-rays. Those X-rays were normal. The clinic notes, X-ray

4

notes, and Vo's notes regarding the use of force support Ford's testimony.

Davis testified that he suffered great pain from the blows to his jaw. He asserted that the other guards were not assisting Durant to restrain him when they held him down and attempted to break his fingers. Davis averred that he already was restrained when the other guards assisted Durant.

The magistrate judge ordered Durant to answer Davis' complaint. The magistrate judge dismissed Davis' claims against Bohannon, Pike, and Till with prejudice as frivolous. He found that those three guards acted in a good-faith effort to restore discipline and therefore did not violate Davis' Eighth Amendment right against cruel and unusual punishment.

The magistrate judge denied Davis' first motion to reconsider the dismissal of his claims against Bohannon, Pike, and Till.[2] The magistrate judge granted Davis leave to amend his complaint. In his amended complaint, Davis, represented by counsel, reiterated his allegations and claims against Durant, Bohannon, Pike, and Till. Davis added claims of assault and battery and negligence.

---

[2] FED. R. CIV. P. 59(e) requires that a motion to amend or alter a judgment be served within ten days of the entry of judgment. The district court's order of dismissal was not a final judgment. See FED. R. CIV. P. 54(b). Davis' motion therefore was not governed by Rule 59(e). Nor was his motion governed by FED. R. CIV. P. 60(b). "A Rule 60(b) motion cannot be filed until a final judgment has been entered." McMillan v. MBank Fort Worth, 4 F.3d 362, 366 (5th Cir. 1993). Davis' motion was unauthorized under the Rules and was of no effect. See id. at 367.

Davis filed a motion to reconsider his privacy claim against Pike, but later withdrew that motion.

Davis filed a third motion for reconsideration.[3] Davis contended that the district court should have construed his complaint liberally to give rise to a claim that the defendants conspired to inflict cruel and unusual punishment on Davis. He also contended that Pike and Durant retaliated against him for exercising his right to freedom of speech. Davis sought leave to file a second amended complaint incorporating his new claims.

The magistrate judge denied Davis' third motion for reconsideration. He initially granted, then later denied, Davis' motion for leave to file a second amended complaint.

A jury heard Davis' claims that Durant violated his Eighth Amendment rights and battered him. The jury found for Durant. The magistrate judge entered judgment for Durant and granted Davis an extension of the time in which to file his notice of appeal. Durant filed a timely notice of appeal.

## OPINION

Davis contends that the jury's verdict was contrary to the evidence produced at trial. He also contends that all of the defendants committed assault and battery and violated state law.

The clerk of this court granted Davis' unopposed motion to withdraw his motion in this court for production of a trial

---

[3] Because Davis filed his motion before the district court entered its final judgment, the "reconsideration" aspect of that motion was unauthorized and was without effect. See McMillan, 4 F.3d at 366.

6

transcript at government expense.[4]  Davis is obliged to provide this court with a copy of any transcripts necessary for review of his contentions.  Powell v. Estelle, 959 F.2d 22, 26 (5th Cir.), cert. denied, 113 S. Ct. 668 (1992).  Without a transcript, this court cannot review the district court's disposition of Davis' claims that Durant applied excessive force or that Till, Bohannon, and Pike held him down while Durant hit him.  See id.; Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990), cert. denied, 498 U.S. 901 & 1069 (1991).  This court therefore will not consider Davis' contention that Durant used excessive force with the assistance of the other officers.

Regarding Davis' state-law claims, those claims were first raised in his first amended complaint.  In that complaint, which was prepared by an attorney, Davis contended that the defendants, acting together, assaulted and battered him or acted negligently. Because Davis' state-law claims are based on all of the defendants acting in concert during the beating allegedly administered by

---

[4]  Davis' motion indicated that he would lack the funds to pay the postage necessary to transmit the transcript to this court if it was provided to him.  Davis moved to withdraw his motion or, in the alternative, for this court to allow him to proceed without payment of postage.  The grant of Davis' motion does not make clear which of Davis' requests was granted.  Davis complains that the trial was not transcribed by order of the district court.  He does not, however, renew his transcript motion or challenge the grant of his motion phrased in the alternative.  TDCJ provides free postage for indigent prisoners. TDCJ INMATE ORIENTATION HANDBOOK § 3.9.7.1 (1990).  Davis could have obtained postage for the transcript had he prevailed on his motion.  The court could have informed Davis of TDCJ's postage policy had Davis' motion been forwarded for ruling by the clerk's office.  Because Davis does not challenge the grant of his motion stated in the alternative, this court need not consider whether to reopen that motion.

Durant, this court cannot consider those claims without a trial transcript.

Davis contends that the magistrate judge should have considered his privacy claim against Pike.  He contends that Pike violated his right to privacy.  The magistrate judge did not consider Davis' claim when he dismissed his claims against Pike as frivolous.

This court reviews a district court's dismissal of a pauper's complaint as frivolous under the abuse-of-discretion standard.  A district court may dismiss a pauper's complaint as frivolous under 28 U.S.C. § 1915(d) "`where it lacks an arguable basis either in law or in fact.'"  Denton v. Hernandez, 504 U.S. 24, 31-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The presence of female guards during a strip search of a male prisoner does not violate the prisoner's right to privacy.  Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992).  Pike did not violate Davis' rights when she allegedly viewed him naked.

Moreover, verbal harassment alone does not constitute a constitutional violation.  McFadden v. Lucas, 713 F.2d 143, 146-47 (5th Cir.), cert. denied, 464 U.S. 998 (1983).  Pike did not violate Davis' rights when she allegedly commented that she was unimpressed with Davis' nudity.  Because Davis' privacy claim was frivolous, this court need not remand that claim for consideration by the magistrate judge.

Davis alleges that Pike attempted to break his fingers and that Bohannon kicked and punched him.  He contends that the

8

defendants generally inflicted cruel and unusual punishment on him. Construed liberally, Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988), Davis' brief contends that Pike and Bohannon individually violated his Eighth Amendment rights.

When considering such an excessive-force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

> In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response."

Id. (citation omitted).

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "`repugnant to the conscience of mankind.'"

Id. at 9-10 (internal and ending citations omitted).

The magistrate judge determined that Pike, Bohannon, and Till were acting in a good-faith effort to restore order. While that appears possible, it is not clear from Davis' allegations and his testimony at the Spears hearing that the defendants were acting to restore order.

9

However, the injuries Davis alleged resulted from Pike's and Bohannon's actions constituted de minimis uses of force. Davis alleged that he had a sore shoulder from Bohannon's kicks. He alleged that Pike had bent his fingers in an attempt to break them. He alleged that his handcuffs caused bruising. Davis' medical records indicated no injuries to his hands other than numbness caused by tight handcuffs. Davis challenged his medical records only to the extent that they did not reflect a serious injury to his jaw. The medical records did not indicate any injury to Davis' shoulder. A district court may consider a defendant's properly authenticated medical records at a Spears hearing to the extent that those records do not contradict the plaintiff's allegations. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Other than the alleged jaw injury, Davis' alleged injuries were de minimis. See Young v. Saint, No. 92-8420, slip op. at 3, 6-7 (5th Cir. Mar. 31, 1993) (unpublished) (blow to hand resulting in two small scratches, blood, and slight decrease in flexion a de minimis use of force). Additionally, Davis' own allegations demonstrate that Bohannon, Pike, and Till did not cause Davis' jaw injury.

Davis contends that Pike and Durant conspired to deprive him of his doctor's appointment. Davis raised his contention in his initial complaint. The magistrate judge did not consider Davis' contention when dismissing his claims as frivolous.

Denial of medical care to an imprisoned convict is governed by the Eighth Amendment. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to

10

evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Davis alleged only that Pike and Durant decided to deny him a scheduled doctor's appointment. He did not allege facts indicating that Pike and Durant were deliberately indifferent to his serious medical needs. Davis' contention that Pike and Durant conspired to deprive him of medical treatment is frivolous. This court need not remand that contention for consideration by the magistrate judge.

Davis contends that Pike and Durant retaliated against him for exercising his right to pursue informal dispute resolution by talking with a superior. He also contends that the defendants conspired to deprive him of various, unspecified constitutional rights.

Davis did not raise his retaliation claim in his initial complaint. He raised no conspiracy claims other than that Pike and Durant had conspired to deprive him of medical treatment. Nor did Davis raise his retaliation and conspiracy claims in his first amended complaint. He raised those claims in his third motion for reconsideration, a motion that had no effect and was denied. See McMillan, 4 F.3d at 366-67. Davis again raised his retaliation and conspiracy claims in his proposed second amended complaint.

Construed liberally, Price, 846 F.2d at 1028, Davis' brief contends that the district court should have granted him leave to amend his complaint to add the retaliation and conspiracy claims. A party must obtain leave of court to amend his pleadings once responsive pleadings have been filed. FED. R. CIV. P. 15(a). Leave

11

is to be freely given when justice so requires. Id. A district court's decision on a motion for leave to amend can be reversed only for abuse of discretion. Boyd v. United States, 861 F.2d 106, 108 (5th Cir. 1988). District courts may deny leave only when substantial reason exists for the denial. Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985).

Davis' conspiracy claim is intertwined with his excessive-force claim against Durant. As discussed above, this court cannot consider that claim. Davis has failed to show that he is entitled to relief regarding the object of the alleged conspiracy. Davis has not shown that the magistrate judge abused his discretion by denying Davis leave to amend his complaint to add his conspiracy claim.

If conduct alleged to constitute retaliation does not, by itself, raise an inference of retaliation, then the allegation is conclusory and frivolous unless the plaintiff makes other factual allegations showing a retaliatory motivation. See Whittington v. Lynaugh, 842 F.2d 818, 819-20 (5th Cir.), cert. denied, 488 U.S. 840 (1988). Davis alleged that the Durant jerked and hit him when he yelled for a ranking officer. Davis' allegations did not raise an inference of retaliation. Nor did Davis make factual allegations showing a retaliatory motivation. Davis' retaliation contention is frivolous. The magistrate judge did not abuse his discretion by denying Davis' motion to amend his complaint.

Finally, this is Davis' third unsuccessful appeal in the past year and his second unsuccessful appeal in a civil rights case.

12

<u>Davis v. Napper</u>, No. 93-4087 (5th Cir. Oct. 6, 1994) (unpublished); <u>Davis v. Scott</u>, No. 92-4395 (5th Cir. Aug. 15, 1994) (unpublished). Accordingly, this court warns Davis that future frivolous appeals may result in sanctions against him.  <u>See</u> <u>Smith v. McCleod</u>, 946 F.2d 417, 418 (5th Cir. 1991); <u>Jackson v. Carpenter</u>, 921 F.2d 68, 69 (5th Cir. 1991).

**AFFIRMED.**